MJP/2025R00280

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. **ESTHER SALAS** |
| | : | |
| v. | : | Crim. No. 25- **420** |
| | : | |
| JHONNATAN RODRIGUEZ, | : | 18 U.S.C. § 215(a)(2) |
| a/k/a "Jorge" | : | 18 U.S.C. § 1005 |

## I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment, and any challenges based on venue, the United States Attorney for the District of New Jersey charges:

## GENERAL ALLEGATIONS

1.     At all times relevant to this Information:

a.     Defendant Jhonnatan Rodriguez, a/k/a "Jorge" ("RODRIGUEZ") lived in Naples, Florida.

b.     TD Bank, N.A. ("TD Bank") was a financial institution as defined in Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation.

c.     RODRIGUEZ was an officer, employee, and agent of TD Bank.

## The Bribery Scheme

2.     In or around November 2022, RODRIGUEZ, in exchange for bribes of approximately $200 to $250 per bank account, began opening bank accounts for individuals who were not present during the onboarding process and for whom RODRIGUEZ was unable to verify their identities.

3.      RODRIGUEZ used a free, person-to-person text messaging app to create a unique phone number for communicating with individuals seeking bank accounts without compromising his identity.  RODRIGUEZ went by the alias "Jorge" on the free text messaging app so that his employer, TD Bank, and others would not discover his role in this scheme.

4.      Individuals seeking a bank account would contact RODRIGUEZ on the text messaging app and send him photos of identification documents and other personal identifying information.  RODRIGUEZ would request a fee of approximately $200 to $250 per account he opened.

5.      There were several individuals for whom RODRIGUEZ was paid to open multiple accounts.  For example, one individual sent RODRIGUEZ 25 payments totaling $6,335 in exchange for opening multiple TD Bank accounts.  Similarly, on or about December 17, 2022, another individual sent RODRIGUEZ $1,050 in exchange for opening multiple TD Bank accounts.

6.      After RODRIGUEZ received the payment from an individual via a peer-to-peer money transfer network, RODRIGUEZ would open the requested bank account and often forge the individual's signature on the account opening documents. RODRIGUEZ opened these accounts while none of the individuals requesting bank accounts were physically present with him in the TD Bank branch.

7.      RODRIGUEZ would then text the username and password for the new bank account to the respective individual, and, if requested, place an order with TD Bank for a debit card to be sent to the individual's address on file.  Numerous

individuals who paid RODRIGUEZ to open accounts in this manner ultimately perpetuated check fraud through their bank accounts, including with both fraudulent personal checks and fraudulent cashier's checks.

8.    From in or around November 2022 through in or around November 2023, accounts RODRIGUEZ opened in this manner were used for fraudulent check activity that resulted in a total loss to TD Bank of approximately $71,665.87.

9.    From in or around November 2022 through in or around November 2023, RODRIGUEZ solicited and accepted payments totaling approximately $37,601 in exchange for opening approximately 140 bank accounts, making false entries and forging signatures in bank documents, and performing other unauthorized banking services.

10.    Individuals in Colombia used multiple accounts that RODRIGUEZ opened on their behalf to launder approximately $172,665 through ATM withdrawals in Colombia.    RODRIGUEZ did not receive bribes to open the accounts used to launder funds to Colombia.

## COUNT ONE
(Bank Bribery)

11.    The allegations in paragraphs 1 through 10 of this Information are realleged here.

12.    From in or around November 2022 through in or around November 2023, the defendant,

**JHONNATAN RODRIGUEZ,
a/k/a "Jorge,"**

as an officer, employee, and agent of a financial institution, namely TD Bank, did corruptly solicit and demand for the benefit of himself and others, and did corruptly accept and agree to accept, a thing of value exceeding $1,000 from any person, intending to be influenced and rewarded in connection with any business or transaction of TD Bank.

In violation of Title 18, United States Code, Section 215(a)(2).

4

## COUNT TWO
(Making False Bank Entries)

13.     The allegations in paragraphs 1 through 10 of this Information are realleged here.

14.     From in or around November 2022 through in or around November 2023, the defendant,

**JHONNATAN RODRIGUEZ,**
**a/k/a "Jorge,"**

with intent to injure and defraud a national bank, namely TD Bank, made false entries in books, reports, or statements of such bank.

In violation of Title 18, United States Code, Section 1005.

## FORFEITURE ALLEGATION

Upon conviction of bank bribery, in violation of 18 U.S.C. § 215(a)(2), as charged in Count One of this Information, and making false bank entries, in violation of 18 U.S.C. § 1006, as charged in Count Two of this Information, the defendant,

**JHONNATAN RODRIGUEZ,**
**a/k/a "Jorge,"**

shall forfeit to the United States, pursuant to 18 U.S.C.§ 982(a)(2), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such violations.

6

## SUBSTITUTE ASSETS PROVISION

If any of the property described above, as a result of any act or omission of the defendant:

        a)   cannot be located upon the exercise of due diligence;

        b)   has been transferred or sold to, or deposited with, a third party;

        c)   has been placed beyond the jurisdiction of the court;

        d)   has been substantially diminished in value; or

        e)   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, to forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

_____
ALINA HABBA
United States Attorney
District of New Jersey

_____
MARGARET A. MOESER
Chief, Money Laundering and
Asset Recovery Section
United States Department of Justice

7

CASE NUMBER: <u>25- 42</u>0  (ES)

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

**v.**

**JHONNATAN RODRIGUEZ,**
**a/k/a "Jorge"**

# INFORMATION FOR

**18 U.S.C. § 215(a)(2)**
**18 U.S.C. § 1005**

ALINA HABBA
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

MARGARET A. MOESER
*CHIEF*
*MONEY LAUNDERING AND ASSET RECOVERY SECTION*

MARK J. PESCE
ASSISTANT U.S. ATTORNEY
(973) 645-2793

DAVID ZACHARY ADAMS
CHELSEA ROONEY
*TRIAL ATTORNEYS*
*(202) 616-2598*