

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*     973-645-2700
*Newark, New Jersey 07102*

MJP/PL AGR
2024R

February 20, 2025

Murdoch Walker II, Esq.
Katryna Lyn Spearman, Esq.
Lowther Walker LLC
101 Marietta Street, NW, Suite 3650
Atlanta, GA 30303

      Re:    <u>Plea Agreement with Jhonnatan Rodriguez</u>

Dear Mr. Walker:

    This letter sets forth the plea agreement between your client, Jhonnatan Rodriguez ("Rodriguez"), and the United States Attorney for the District of New Jersey and the Money Laundering and Asset Recovery Section of the U.S. Department of Justice (collectively, the "Government"). This offer will expire on **March 14, 2025**, if it is not accepted in writing by that date. If Rodriguez does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of the Government's investigation.

<u>Charge</u>

    Conditioned on the understandings specified below, the Government will accept a guilty plea from Rodriguez to a two-count Information, which charges Rodriguez in Count One with receipt of bribes by a bank employee, in violation of 18 U.S.C. § 215(a)(2); and in Count Two with making false bank entries or reports, in violation of 18 U.S.C. § 1005. In addition, Rodriguez agrees to waive any and all challenges based on venue. If Rodriguez enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, the Government will not initiate any further criminal charges against Rodriguez for his involvement in money laundering, receipt of bribes by a bank employee, making false entries or reports, bank fraud, or wire fraud from in or around November 2022 through in or around November 2023.

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, the Government may reinstate any dismissed

charges and initiate any other charges against Rodriguez even if the applicable statute of limitations period for those charges expires after Rodriguez signs this agreement, and Rodriguez agrees not to assert that any such charges are time-barred.

Venue

Rodriguez understands that he has the right to be prosecuted for any criminal offense in the district or districts where the offense was committed. By signing this Agreement, Rodriguez knowingly consents to being prosecuted on the charges contained in the Information in the District of New Jersey and waives any objection to the venue of this prosecution.

Sentencing

The violation of 18 U.S.C. § 215(a)(2) to which Rodriguez agrees to plead guilty in Count One carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000 or (2) three times the value of the thing given, offered, promised, solicited, demanded, accepted, or agreed to be accepted.

The violation of 18 U.S.C. § 1005 to which Rodriguez agrees to plead guilty in Count Two carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts One and Two may run consecutively to each other or to any prison sentence Rodriguez is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Rodriguez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Commission Guidelines Manual ("U.S.S.G." or "Guidelines"). The Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. The Government cannot and does not make any representation or promise as to what Guideline range may be found by the sentencing judge, or as to what sentence Rodriguez ultimately will receive.

Further, in addition to imposing any other penalty on Rodriguez, the sentencing judge as part of the sentence:

(1) will order Rodriguez to pay an assessment of $100 per count ($200 here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Rodriguez to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Rodriguez, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(2);

(5) pursuant to 18 U.S.C. § 3583, may require Rodriguez to serve a term of release of not more than 5 years with respect to each of Count One and Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Rodriguez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rodriguez may be sentenced to not more than 3 years' imprisonment with respect to each of Count One and Count Two in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, and 18 U.S.C. § 3664(j)(1), Rodriguez agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense in an amount that fully compensates the victims for the losses sustained as a result of the offense as follows:

| Victim | Amount |
| --- | --- |
| TD Bank, N.A. | $71,665.87 |

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(2), Rodriguez agrees to forfeit to the United States, all right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds Rodriguez obtained that are traceable to the offenses charged in Count One and Count Two of the Information. Rodriguez further acknowledges that the aggregate value of such property was $37,601; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42

forfeit substitute assets equal to the aggregate value of the forfeitable property described above (the "Money Judgment"). Rodriguez consents to the entry of an order requiring Rodriguez to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to Rodriguez prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank check, or certified check, made payable in this instance to the United States Treasury Department, indicating Rodriguez's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Bank Integrity/Money Laundering & Recovery Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

Rodriguez further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Rodriguez waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Rodriguez consents to the entry of a Consent Judgment of Forfeiture that will be final as to Rodriguez prior to Rodriguez's sentencing. Rodriguez understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Rodriguez's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Rodriguez hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Rodriguez further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by the Government. If Rodriguez fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if the Government determines that Rodriguez has intentionally failed to disclose assets on his Financial Disclosure Statement, Rodriguez agrees that that failure constitutes a material breach of this agreement, and the Government reserves the

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42

right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of The Government Regarding Sentencing

Except as otherwise provided in this agreement, the Government may take any position with respect to the appropriate sentence to be imposed on Rodriguez by the sentencing judge. The Government may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And the Government may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rodriguez's activities and relevant conduct with respect to this case.

Stipulations

The Government and Rodriguez will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of the Government is based on the information and evidence that the Government possesses as of the date of this agreement. Thus, if the Government obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind the Government. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, the Government and Rodriguez waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Rodriguez understands that, if Rodriguez is not a citizen of the United States, Rodriguez's guilty plea to the charged offenses will likely result in Rodriguez being subject to immigration proceedings and removed from the United States by making Rodriguez deportable, excludable, or inadmissible, or ending Rodriguez's naturalization. Rodriguez understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Rodriguez wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Rodriguez's removal from the United States. Rodriguez understands that Rodriguez is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rodriguez waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rodriguez also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Financial Institution Bar

Rodriguez agrees to consent to any regulatory action taken by a Federal financial institution regulatory agency to permanently remove Rodriguez from office and/or prohibit Rodriguez from participating, whether as an institution-affiliated party or otherwise, in the conduct of the affairs of any insured depository institution or depository institution holding company, or any other organization or entity provided in Section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(e).

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and the Money Laundering and Asset Recovery Section of the U.S. Department of Justice and cannot bind other federal, state, or local authorities. If requested to do so, however, the Government will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rodriguez. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42

party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Rodriguez from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Rodriguez and the Government and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Acting United States Attorney

By:   Mark J. Pesce
      Assistant U.S. Attorney

APPROVED:

Christopher D. Amore
Chief, Bank Integrity/Money Laundering & Recovery Unit

MARGARET A. MOESER
Chief, Money Laundering and
Asset Recovery Section

By:   D. Zachary Adams
      Chelsea R. Rooney
      Trial Attorneys, Money Laundering
      and Asset Recovery Section

I have received this letter from my attorney, Murdoch Walker II, Esq. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 03 / 17 / 2025
Jhonnatan Rodriguez

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: March 17, 2025
Murdoch Walker II, Esq.
Katryna Lyn Spearman, Esq.
Counsel for Jhonnatan Rodriguez

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42

<u>Plea Agreement With Jhonnatan Rodriguez</u>

<u>Schedule A</u>

1. The Government and Jhonnatan Rodriguez ("Rodriguez") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

<u>Count One: Receipt of Bribes as a Bank Employee</u>

3. The applicable guideline is U.S.S.G. § 2B4.1. This guideline carries a Base Offense Level of 8. U.S.S.G. § 2B4.1(a).

4. Because the gain resulting from the offense was approximately $37,601, which is more than $15,000 but less than $40,000, the offense level is increased by 4 levels. U.S.S.G. §§ 2B1.4(b)(1), 2B1.1(b)(1)(C).

5. Because Rodriguez abused a position of public or private trust in a manner that significantly facilitated the commission and concealment of the offense, the offense level is increased by 2 levels. U.S.S.G. § 3B1.3.

6. Therefore, the total offense level for Count One is 14.

<u>Count Two: Making a False Entry in Any Book, Report, or Statement of a Bank</u>

7. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 7. U.S.S.G. § 2B1.1(a)(1).

8. Because the offense involved loss of $71,665.87, which is more than $40,000 but less than $95,000, the offense level is increased by 6 levels. U.S.S.G. § 2B1.1(b)(1)(D).

9. Because Rodriguez abused a position of public or private trust in a manner that significantly facilitated the commission and concealment of the offense, the offense level is increased by 2 levels. U.S.S.G. § 3B1.3.

10. Therefore, the total offense level for Count Two is 15.

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42

Grouping of Multiple Counts

11. Pursuant to U.S.S.G. § 3D1.2, Counts One and Two group. Pursuant to U.S.S.G. § 3D1.3, the highest offense level governs. Therefore, Count Two governs and the offense level is 15.

12. As of the date of this letter, Rodriguez has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Rodriguez's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

13. If Rodriguez establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 11; otherwise, Rodriguez's total Guidelines offense level will be 13 (the "Total Offense Level").

14. Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

15. If the term of imprisonment does not exceed 18 months, and except as specified in the next paragraph below, Rodriguez will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 8 months, the Government will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

16. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ, or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Doc ID: 84a856f77e2b1aaa52cfaf1f4c9493247586db42



Audit trail

| | |
|---|---|
| Title | 2025.02.20 J. Rodriguez Plea Agreement.pdf |
| File name | 2025.02.20%20J.%2...a%20Agreement.pdf |
| Document ID | 84a856f77e2b1aaa52cfaf1f4c9493247586db42 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

This document was requested from app.clio.com

# Document History

**SENT**
**03 / 14 / 2025**
14:15:58 UTC
Sent for signature to Jhonnatan Rodriguez (m_jhan@hotmail.com) from kspearman@lowtherwalker.com
IP: 75.27.237.61

**VIEWED**
**03 / 17 / 2025**
19:03:22 UTC
Viewed by Jhonnatan Rodriguez (m_jhan@hotmail.com)
IP: 199.188.126.162

**SIGNED**
**03 / 17 / 2025**
19:04:46 UTC
Signed by Jhonnatan Rodriguez (m_jhan@hotmail.com)
IP: 199.188.126.162

**COMPLETED**
**03 / 17 / 2025**
19:04:46 UTC
The document has been completed.

Powered by Dropbox Sign