2025R00280/MJP/CA/ar

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Esther Salas, U.S.D.J. |
| v. | : | Crim. No. 25- 420 |
| JHONNATAN RODRIGUEZ, | : | CONSENT JUDGMENT AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |
| | : | |

WHEREAS, on or about June 25, 2025, pursuant to a plea agreement with the United States, defendant Jhonnatan Rodriguez pleaded guilty to a two-count Information ("Information"), which charged him with (1) receipt of bribes by a bank employee, in violation of 18 U.S.C. § 215(a)(2) (Count One), and (2) making false bank entries or reports, in violation of 18 U.S.C. § 1005 (Count Two). In the plea agreement, the defendant agreed to the entry of a forfeiture money judgment; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(2), the defendant agrees to forfeit all property, real or personal, that constitutes or is derived from proceeds obtained as a result of the offenses charged in Counts One and Two of the Information, which the defendant agrees had a value of $37,601.00 ("Money Judgment"); and

WHEREAS, the defendant further acknowledges that one or more of the criteria set forth in 21 U.S.C. § 853(p) are met, entitling the United States to

forfeit substitute assets of the defendant in an amount not to exceed the amount of the Money Judgment; and

WHEREAS, the defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledges he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waives any and all claims that the forfeiture constitutes an excessive fine and agrees that the forfeiture does not violate the Eighth Amendment.  The defendant further acknowledges that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.   All property, real or personal, that constitutes or is derived from proceeds obtained as a result of the offenses charged in Counts One and Two of the Information, to which the defendant has pleaded guilty, is forfeited to the United States, pursuant to 18 U.S.C. § 982(a)(2).

2.	The defendant having conceded that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit substitute assets equal to the value of the property that constitutes or is derived from proceeds obtained as a result of the offenses charged in Counts One and Two of the Information, which was $37,601.00. A money judgment in the amount of $37,601.00 ("Money Judgment") is hereby entered against the defendant, pursuant to U.S.C. § 982(a)(2), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3.	All payments on the Money Judgment shall be made by (a) electronic funds transfer, as directed by the United States Attorney's Office, or (b) postal money order, bank or certified check, made payable in this instance to the Department of Treasury, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.	After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p).

5.	Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made a part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

6.  Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7.  The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount $37,601.00.

8.  This Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 25th day of June, 2025.

_____
Hon. Esther Salas, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

Alina Habba
United States Attorney

_____   Dated: 6/25/2025
By: Mark J. Pesce
Assistant United States Attorney

_____   Dated: 6/25/25
Jhonnatan Rodriguez, Defendant

_____   Dated: 6/25/25
Murdoch Walker II, Esq.
Katryna Lyn Spearman, Esq.
Serguel Akiti, Esq.
Attorneys for Jhonnatan Rodriguez

-5-